BAILLY AND SON,
    F. P. C.
      *vs.*
PERCY, F. W. C.

(OMITTED CASE.)

### BAILLY AND SON, F. P. C. *vs.* PERCY, F. W. C.[*]

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-
ORLEANS.

A duly certified copy of a sheriff's or city marshal's deed, made by the
clerk of the court in whose office *the sale or deed* of conveyance is
recorded, will be *received in evidence in the same manner* and have the
same effect as a duly certified copy of an authentic act.

Where the sheriff's deed only, conveys all the *rights, title and interest* of
the defendant in execution, it is necessary to inquire what these rights,
&c. were, and to show that they were superior in dignity to the title of
the adverse party, to entitle the plaintiff to recover in a petitory action.

This is a petitory action, in which the plaintiffs seek to
recover two lots of ground in the possession of the defendant.

The plaintiffs claim title to the contested premises under
a sheriff's deed, which recites, that he conveyed to the pur-
chasers all the *right, title and interest* of Marie Therese Leduff
to these two lots of ground, which she had in 1810.

The defendant sets up title under sales from Heloise Tru-
deau and Nannette Leduff, who purchased them from their
brother, Jacques Leduff, in January, 1807.

On the trial, the plaintiffs failed to produce any other
evidence of title than the sheriff's deed, and were non-suited.
They appealed.

*Canon*, for the appellants.

[*] This case was decided at the March Term, 1830, and has been entirely
overlooked in the publication of the Reports.

*Denis, contra.*

EASTERN DIST.
*May*, 1839.

BAILLY AND SON,
F. P. C.
*vs.*
PERCY, F. W. C.

*Porter, J.,* delivered the opinion of the court.

The petitioners state themselves to be owners of two lots of ground, numbers five and six, in square eighty-six, situated in the Parish of New-Orleans, and forming a part of the suburb Lacourse, they having purchased the same, at a sale made by the sheriff of the Parish of Orleans, on the 20th day of June, 1816.

The petition avers, that the defendant has taken possession of the premises, and refuses to deliver them up. It prays for her eviction, and that she may be compelled to pay rent and costs.

The defendant alleges, that she has been in actual possession of the property sued for, as proprietor, since the 14th of January, 1822 ; that she purchased No. 5 from the heirs of Heloise Trudeau, a f. w. c., and No. 6 from Nannette Leduff, a f. w. c. ; that Heloise Trudeau or her heirs have been in possession of lot No. 5, as lawful proprietor, since the 15th of July, 1807, having bought the same from Jacques Leduff ; that Nannette Leduff owned and possessed No. 6 for the same space of time, having acquired it by a contract of sale on the same day from the same person.

The answer concludes by an averment of the defendant having a good title to the premises, by reason of the conveyances so made to her ; and it presents as a bar to plaintiff's recovery, the prescription of ten, twenty and thirty years ; it also puts at issue the existence of the plaintiffs' title.

The plaintiffs introduced a copy of the sale made to them by the sheriff, taken from the books kept by that officer, in pursuance of the act of the legislative council of 1805, and also the book itself ; both were objected to, on the ground, that by the provisions of the statute just referred to, the original is presumed to be in the hands of the vendee, and is of course higher evidence than the copy ; the court overruled this objection, and the defendant excepted.

*A duly certified copy of a sheriff's or city marshal's deed, made by the clerk of the court, in whose office the sale or deed of conveyance is recorded, will be received as evidence in the same manner and have the same effect, as a duly certified copy of an authentic act.*

By the 11th section of an act of the legislature, passed the 25th of March, 1828, it is provided, that from and after its

EASTERN DIST. passage, a copy of any sale or deed of conveyance heretofore
*May,* 1839. made and executed, or which hereafter may be made and
BAILLY AND SON, executed, by any sheriff or any other person exercising and
F. P. C. performing the duties of sheriff in this state, or by the city
*vs.* marshal of New-Orleans, certified to be a correct copy by
PERCY, F. W. C. the clerk or deputy clerk of the court, in whose office such
sale or deed of conveyance is or may be recorded, shall be
received as evidence, in the same manner, and have the
same effect in every respect, as a duly certified copy of an
authentic act; under this provision we think the judge below
did not err in receiving the evidence objected to.

The sheriff's deed, states the sale to have been in virtue of
a *fieri facias*, directed against the goods, chattles, &c. of
Marie Therese Leduff, issuing under a judgment in favor of
Fromenten and Galez *vs.* Marie Therese Leduff and others.

By this conveyance, all the right, title and interest of
Marie Therese Leduff, passed to the petitioners; we are,
therefore, to inquire what that right and title was, and whether it was superior to that which the defendant sets up.

There is no evidence before us in what right Therese
claimed the lots; none that is of superior dignity to that of
Jacques Leduff, who sold them in 1807. To succeed in a
petitory action, the plaintiffs must show a higher and better
title than that of the defendant, which has not been done
here.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed, with costs.

Where a sheriff's deed only conveys all the rights, title and interest of the defendant in execution, it is necessary to inquire what these rights, &c. were, and to show that they were superior in dignity to the title of the adverse party, to entitle the plaintiff to recover in a petitory action.